IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JONATHAN O. HAFEN, in his capacity as court-appointed Receiver,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON SARGENT, CAMERON SARGENT, TYLER HAWKES, NATALIE HAWKES, MICHAEL G. CHARD, LUCY ANN CHARD, MICHELLE CHARD, NICOLLE CHARD, THOMAS CHARD, JAKE PETERSON, NATALIE PETERSON, and BRIGHAM BAKER,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AGAINST BRIGHAM BAKER**<br><br>Case No. 2:24-cv-00642-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Before the court is a motion for default judgment against Defendant Brigham Baker (ECF No. 84) filed by Plaintiff Jonathan O. Hafen, the court-appointed Receiver over the assets of Rust Rare Coin, Inc., Gaylen Dean Rust, R Legacy Racing Inc., R Legacy Entertainment LLC, and R Legacy Investments LLC (collectively, the Receivership Defendants). This action is ancillary to litigation involving the Receivership Defendants. See Commodity Futures Trading Comm'n v. Rust Rare Coin, No. 2:18-cv-892.

On September 27, 2024, the Receiver amended the complaint in this action to include Mr. Baker. (See Am. Compl., ECF No. 14.) Mr. Baker did not file an answer, and the Receiver moved for entry of default against him on May 16, 2025. (ECF No. 66.) The Clerk of Court

1

entered a default certificate on May 20, 2025. (ECF No. 72.)

The Receiver now requests entry of judgment against Mr. Baker in the total amount of $41,554.11. This amount includes $35,000 in fraudulent and voidable transfers and $6,554.11 in prejudgment interest calculated at the rate of 5% per annum from October 25, 2016, the date that the last transfer was made to Mr. Baker.

For the following reasons, the court grants the Receiver's motion.

## LEGAL STANDARD

Entry of a default judgment under Rule 55 of the Federal Rules of Civil Procedure is a two-step process. See Meyers v. Pfizer, Inc., 581 F. App'x 708, 710 (10th Cir. 2014). If a defendant fails to timely respond to the complaint after proper service, a plaintiff may request entry of a default by the court clerk, who then decides whether to enter a default. Id. (citing Fed. R. Civ. P. 55(a)). "If the clerk enters a default, the plaintiff can ask the court to grant a default judgment." Id. (citing Fed. R. Civ. P. 55(b)(2)).

A trial court has broad discretion in deciding whether to enter a default judgment. Galloway v. Hadl, No. 07-3016-KHV, 2008 WL 5109758, at *1 (D. Kan. Dec. 2, 2008) (citing Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987)). Furthermore, a plaintiff must establish that the amount of requested damages is reasonable under the circumstances. DeMarsh v. Tornado Innovations, L.P., No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009). "Damages may be awarded only if the record adequately reflects the basis for [the] award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" Id. (quoting Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985)).

## ANALYSIS

The Receiver supports his motion with a declaration from Jeffrey T. Shaw, CPA, CFE, CIRA. (Decl. Jeffrey T. Shaw, ECF No. 84-1.) The court has carefully reviewed Mr. Shaw's declaration and supporting exhibits and agrees with his conclusions, a helpful summary of which is included at Exhibits 3 and 4 to his declaration.

In October 2016, Mr. Baker's mother, Dixie Baker, requested that a check for $50,000 be sent to Mr. Baker from her silver pool investment account. (See id., Exs. 2 & 7 to Shaw Decl.) Mr. Baker then opened his own investment account in June 2018 and contributed $15,000 to that account. (See Exs. 5–6 to Shaw Decl.) Subtracting Mr. Baker's $15,000 contribution from the $50,000 payment he received, the court finds that Mr. Baker received net winnings in the amount of $35,000.

Furthermore, the court agrees with the Receiver that prejudgment interest from the date the investment payment was made—October 25, 2016—is appropriate here. This court has consistently awarded prejudgment interest in other ancillary cases. See, e.g., Hafen v. Walker, No. 2:19-cv-918, 2025 WL 18702, at *3 (D. Utah Jan. 2, 2025). The Tenth Circuit has previously upheld the award of prejudgment interest at a rate of 5% per annum to a receiver for a fraudulent transfer claim because prejudgment interest "compensates for the loss of use of the money" and "[u]nder fairness and equity principles, prejudgment interest was proper." Wing v. Gillis, 525 F. App'x 795, 801 (10th Cir. 2013); see also Miller v. Kelley, No. 1:12-cv-56, 2014 WL 5437023, at *7 (D. Utah Oct. 27, 2014). Moreover, the Tenth Circuit has recently upheld this court's similar award of prejudgment interest at a 5% interest rate in another action ancillary to the Rust Rare Coin litigation. Hafen v. Howell, 121 F.4th 1191, 1205 (10th Cir. 2024).

The court therefore awards the receiver prejudgment interest at the rate of 5% per annum

from October 25, 2016, the last day Rust Rare Coin made a payment to Mr. Baker. The amount of prejudgment interest totals $6,554.11. Post-judgment interest is also recoverable under 28 U.S.C. § 1961(a).

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1. The Receiver's Motion for Default Judgment against Brigham Baker (ECF No. 84) is GRANTED.

2. The court awards the Receiver $41,554.11, an amount that represents $35,000 in fraudulent and voidable transfers and $6,554.11 in prejudgment interest, against Mr. Baker.

3. The court's judgment shall bear interest calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. See 28 U.S.C. § 1961(a).

DATED this 7th day of July, 2025.

BY THE COURT:

_/s/ Tena Campbell_
Tena Campbell
United States District Judge